**IT IS ORDERED as set forth below:**



**Date: March 6, 2017**

_____

**W. Homer Drake**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBER** |
| KELSYE ELIZABETH HOLT, | : | 16-12150-WHD |
| Debtor. | : | |
| FIRST AMERICAN TITLE LENDING OF GEORIGA, LLC, | : | |
| Movant, | : | |
| v. | : | |
| KELSYE ELIZABETH HOLT, ADAM M. GOODMAN, | : | IN PROCEEDINGS UNDER CHAPTER 13 OF THE BANKRUPTCY CODE |
| Respondents. | : | |

**ORDER**

Before the Court is the Motion for Relief from the Automatic Stay filed by

First American Title Lending of Georgia, LLC (hereinafter "First American"). This is a core proceeding, *see* 28 U.S.C. § 157(b), over which this Court has subject matter jurisdiction, *see* 28 U.S.C. §§ 157(a), 1334. This matter came before the Court for hearing on January 26, 2017, at 9:00 AM. After hearing argument from the parties concerning First American's motion, the Court took the matter under advisement and requested that the parties submit briefs within twenty days. First American filed a brief in support of its position on February 3, 2017. The Debtor has not filed a brief.

## Background

The facts underlying this matter are not in dispute. On June 3, 2016, the Debtor pledged her 2007 Pontiac Grand Prix (hereinafter the "Vehicle") to First American as security for a pawn loan of $4,169.72. The contract between the Debtor and First American called for repayment of the loan in full, with interest, on July 3, 2016. Rather than make this full payment, the Debtor chose to extend the contract month to month by making interest payments. The last payment made by the Debtor was on October 7, 2016, which extended the contract for another thirty days to November 6, 2016. On October 27, 2016, the Debtor filed her petition initiating the instant bankruptcy case. The Debtor did not make a November

2

payment to First American, so the loan was in default as of November 7, 2016.

Pursuant to Georgia law governing pawn transactions,[1] the Debtor had thirty days from the date of default—December 7, 2016—to redeem the Vehicle by paying the full amount owed on the loan.  *See* O.C.G.A. § 44-14-403(b)(1), (3).  Because the Debtor had filed her bankruptcy petition prior to the expiration of that thirty days, the redemption period was extended to sixty days from the date she filed her petition—December 26, 2016—by operation of § 108(b) of the Bankruptcy Code.  *See* 11 U.S.C. § 108(b) ("…if applicable nonbankruptcy law…fixes a period within which the debtor…may…cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only…cure or perform, as the case may be, before the later of—(1) the end of such period…; or (2) 60 days after the order for relief."); *see also* 11 U.S.C. § 301(b) ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.").  If the Debtor did not redeem the Vehicle within this time, Georgia law would cause her interest in the Vehicle to

---

[1] No party disputes that the arrangement between the Debtor and First American is a pawn transaction.  *See generally* O.C.G.A. § 44-12-130(3) ("'Pawn transaction' means any loan on the security of pledged goods or any purchase of pledged goods on the condition that the pledged goods may be redeemed or repurchased by the pledger or seller for a fixed price within a fixed period of time.").

3

"automatically be extinguished" and the Vehicle would "be automatically forfeited" to First American. *See* O.C.G.A. § 44-14-403(3).

First American filed the instant motion on December 7, 2016. First American argued that because the redemption period would expire before the hearing on the motion, which was originally scheduled for January 5, 2017, the Court should grant relief from the stay.

December 26, 2016, came and went without the Debtor or the Chapter 13 Trustee taking steps to redeem the vehicle. However, the Debtor's Chapter 13 Plan, which has not been confirmed, proposes to allow the Debtor to retain the Vehicle and pay First American's claim as if it were a regular secured claim. The Plan values First American's claim at $3,000 and calls for monthly payments of $32 that will increase to $88 in April of 2018.

**Discussion**

First American asserts that because the Debtor did not redeem the Vehicle within the redemption period, ownership of the Vehicle automatically vested in it by operation of Georgia law, the Vehicle is no longer property of the bankruptcy estate, and therefore First American should be allowed to exercise its rights against the Vehicle. In opposition, the Debtor argues that she should be allowed to redeem the

4

Vehicle through her Plan.

It is axiomatic that a Chapter 13 plan may only provide for the disposition of property of a debtor's bankruptcy estate. *See Dunlap v. Cash Am. Pawn of Nashville (In re Dunlap)*, 158 B.R. 724, 728 (M.D. Tenn. 1993); *Paul v. S. Ga. Title Pawn (In re Paul)*, 534 B.R. 430, 433 (Bankr. M.D. Ga. 2015); *USA Title Pawn v. Askew (In re Howard)*, 507 B.R. 394, 398-99 (Bankr. N.D. Ga. 2014) (Sacca, J.). Therefore, if First American is correct and the Vehicle is no longer property of the estate, the Debtor may not provide for its redemption through the plan, and First American's motion should be granted.

Section 541(a)(1) defines property of the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Because this case was filed under Chapter 13, property of the estate also includes "all property of the kind specified in [§ 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted." 11 U.S.C. § 1306(a)(1). Whether given property is "property of the estate" is a question of federal law, but questions concerning property rights themselves are governed by state law. *See Charles R. Hall Motors, Inc. v. Lewis (In re Lewis)*, 137 F.3d 1280, 1283 (11th Cir. 1998).

5

In the instant case, the Debtor had possession of the Vehicle and the pawn loan was not in default at the time the Debtor filed her petition. Therefore, at the beginning of the case, the Vehicle was property of the estate. *See TitleMax of Ga. Inc. v. Stanfield (In re Stanfield)*, 2016 WL 669472, at *2 (Bankr. S.D. Ga. Feb. 18, 2016). When the Debtor defaulted on the loan, the Debtor acquired a right of redemption, which was also property of the estate. *See In re Brown*, No. 16-55866, slip op. at 4 (Bankr. N.D. Ga. Oct. 6, 2016) (Mullins, C.J.) ("If a debtor files bankruptcy while he still has a right to redeem the property, then that right of redemption becomes property of the debtor's estate."); *accord In re Howard*, 507 B.R. at 398; *see also* 11 U.S.C. § 1306(a)(1).

However, when the redemption period expired on December 26, 2016, Georgia law operated to divest the Debtor of her interest in the Vehicle, which was automatically forfeited to First American. Consequently, as of the expiration of the redemption period, the Debtor no longer had any interest in the Vehicle under Georgia law, and the Vehicle ceased to be property of the estate. *See In re Brown*, No. 16-55866, slip op. at 6; *In re Stanfield*, 2016 WL 669472, at *3; *see also In re Dunlap*, 158 B.R. at 728 (reaching the same conclusion by applying a Tennessee statute similar to the Georgia statute). As the Vehicle is no longer property of the

6

estate, "the Debtor may not keep the Vehicle and pay First American through the Plan," and the automatic stay does not apply. *See In re Brown*, No. 16-55866, slip op. at 6; *accord In re Stanfield*, 2016 WL 669472, at *3.[2]

---

[2] At the January 26th hearing, the Debtor's counsel intimated that the Debtor's opposition to First American's motion was grounded on the Debtor's interpretation of *Charles R. Hall Motors, Inc. v. Lewis (In re Lewis)*, an Eleventh Circuit case from 1998. 137 F.3d 1280. In that case, which dealt with Alabama law, the Eleventh Circuit held that a party must take "affirmative steps" to change a mere right of redemption into an ownership right. *In re Lewis*, 137 F.3d at 1284. Apparently, the Debtor believes that proposing to redeem the Vehicle through the plan should constitute "affirmative steps."

In the case *In re Moore*, another court of this District discussed *In re Lewis*'s application to Georgia pawn redemption issues. *See Moore v. Complete Cash Holdings, LLC (In re Moore)*, 448 B.R. 93, 101-02 (Bankr. N.D. Ga. 2011) (Bonapfel, J.). Addressing, albeit in dicta, whether a debtor may treat a pawn loan under his Chapter 13 plan, the court stated that "[g]iven the provisions of Georgia's pawnshop laws and the Eleventh Circuit's ruling in *Charles R. Hall Motors, Inc. v.*

7

**Conclusion**

In accordance with the foregoing, it is hereby **ORDERED** that First American's Motion is **GRANTED**, and First American may pursue any and all of its rights and remedies under non-bankruptcy law as to the Vehicle.

**IT IS FURTHER ORDERED** that the fourteen-day stay of Rule 4001(a)(3) shall not apply.

---

*Lewis (In re Lewis)*…, a plan cannot properly deal with pawned property in this fashion; the debtor must take 'affirmative steps' to exercise the right of redemption." *Id.* at 102 n.15 (citation omitted); *see also Oglesby v. Title Max (In re Oglesby)*, 2001 WL 34047880, at *4 (Bankr. S.D. Ga. Oct. 23, 2001) ("I hold that allowing a debtor to pay the redemption amount over the life of a Chapter 13 plan would, in effect, toll the redemption period in a manner that would place a title lender's interests in jeopardy so as to invalidate Georgia property rights law…."). This Court agrees with the conclusion reached in *In re Moore*, and concludes that the Eleventh Circuit's holding in *In re Lewis* does not allow the Debtor to redeem the Vehicle through her Chapter 13 Plan.

The Clerk is **DIRECTED** to serve this Order on the Debtor, First American, the Chapter 13 Trustee, and their respective counsel.

**END OF DOCUMENT**